M. T. DANNER ET AL. v. FORT WORTH IMPLEMENT COMPANY.

Delivered April 28, 1898.

**1. Sale—Warranty—Fraud.**

A ground of defense for fraud is stated by defendants' allegations that they signed a contract of purchase with a clause as to the use by them of a machine, constituting final acceptance on the assurance of plaintiff that it was only an order for the goods, amounting to nothing except to show that purchasers were in good faith and would take the goods if they found them to be as represented.

**2. Damages for Breach of Warranty.**

A breach of warranty in reference to an engine purchased by the defendants entitles them to recover as damages at least a sum equal to the difference between the value of the engine as defective and as warranted, together with any special damages in contemplation of the parties at the time the contract was entered into, and which were the natural and probable consequences of such breach.

APPEAL from the County Court of Tarrant. Tried below before Hon. GEORGE W. ARMSTRONG.

*B. P. Ayers,* for plaintiffs in error.

*Sidney L. Samuels,* for defendant in error.

TARLTON, CHIEF JUSTICE.—The Fort Worth Implement Company brought this suit against the plaintiffs in error to recover upon two promissory notes, each in the principal sum of $124.90, due respectively December 1, 1894, and December 1, 1895, and to foreclose a chattel mortgage securing these notes upon a certain Stedman engine and fixtures.

The defendants by a special answer set up that the notes were given in consideration of a certain engine guaranteed by the plaintiff to do certain character of work described in the answer; that the engine was defective in certain particulars named, covered by the plaintiff's guaranty; that the defects were hidden, and not discoverable until after the engine had been placed in position for the doing of the work contemplated by the parties. The defendants sought to recover damages on account of the violation of this contract of guaranty.

To this answer the plaintiff replied with a plea setting up the warranty into which it had entered regarding the engine, and the terms of

which were embodied in a written order for the machinery signed by the defendants. A clause of this contract of warranty provided that ten days use of the machine should be conclusive evidence of fulfillment of warranty and acceptance. It appeared from the allegations of the defendants that they used the machinery during a period much longer than ten days.

The defendants sought to avoid the clause above described, on the ground that the order which had been signed by them was procured by fraud of the plaintiff. They alleged that they signed the order on the assurance of the representative of the plaintiff that it was only an order for the goods, amounting to nothing except to show that the purchasers "are in good faith and will take the goods if they find them to be as represented."

The court sustained a general exception to the defendants' answer urging the fraud of the plaintiff in procuring the order for the machinery. In this we think there was error. The allegations show, as against a general demurrer, active and affirmative fraud on the part of the plaintiff, consisting of false representations, misleading, and inducing the execution of the order. If these allegations be true, we think they state a ground for avoiding the clause relied upon. Lott v. Kaiser, 61 Texas, 671. See also Williams v. Rand, 9 Texas Civil Appeals, 631, and cases there cited.

Having sustained this exception, the court naturally sustained further exceptions to the defendants' plea in reconvention in which they sought damages for breach of the contract. Hence the one error superinduced error in the latter respect. If there was a breach of warranty, the defendants were entitled to rcover as damages at least a sum equal to the difference between the value of the engine as defective and as sufficient. They would also be entitled to recover special damages upon allegation and proof that they were in the contemplation of the parties to the contract of warranty at the time that it was entered into and that hence they were the natural and probable consequences of such breach. Aultman v. Hefner, 67 Texas, 59; Osborne v. Poindexter, 34 S. W. Rep., 300.

Reversed and remanded.

*Reversed and remanded.*